UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DALE W. BIRCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-2156-JAR |
| | ) |
| THE CITY OF ATCHISON, KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

Plaintiff, proceeding pro se, brings this civil-rights action pursuant to 42 U.S.C. § 1983. He alleges, among other things, that defendants used excessive force and were deliberately indifferent to his serious medical needs when they arrested him on January 8, 2019. Plaintiff has filed a motion for discovery and for the appointment of counsel (ECF No. 7). For the reasons discussed below, the motion is denied.

<u>Request for Discovery</u>

Plaintiff's motion includes nine specific discovery requests, including that the court order the production of documents and subpoena certain witnesses.[1] The court finds plaintiff's request for discovery misplaced. It is plaintiff himself, not the court, who may serve discovery requests on defendants under Federal Rules of Civil Procedure 30, 31, and

---

[1] ECF No. 7 at 3-5.

33-36, and who may subpoena witnesses under Federal Rule of Civil Procedure 45. Concurrent with this order, the court is issuing a scheduling order that sets deadlines by which plaintiff should pursue the discovery he seeks. To the extent plaintiff asks the court to serve discovery, the request is denied.

Request for the Appointment of Counsel

Plaintiff's motion included a one-sentence request for appointment of counsel.[2] Plaintiff states that he is indigent and suggests counsel may make more "effective use of discovery."[3]

There is no constitutional right to appointment of counsel in a civil case such as this.[4] The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.[5] "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[6] It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."[7] In deciding whether to appoint counsel,

---

[2] *Id.* at 5.

[3] *Id.*

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

[5] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[6] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

[7] *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[8]

The court has considered plaintiff's request and concludes, in this case, that (1) it is not clear at this juncture that plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) plaintiff appears capable of adequately presenting facts and arguments. The court therefore denies the request for counsel, but without prejudice to plaintiff refiling a subsequent motion for appointment of counsel if plaintiff's complaint either survives a dispositive motion filed by defendants or the deadline for filing such a motion has passed with no such motion being filed.

IT IS THEREFORE ORDERED that plaintiff's motion for discovery and appointment of counsel is denied.

Dated May 22, 2019, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[8] *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).