UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DALE W. BIRCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-2156-JAR |
| | ) |
| THE CITY OF ATCHISON, | ) |
| KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

The pro se plaintiff, Dale Birch, has filed a motion for reconsideration (ECF No. 22) of the court's order denying plaintiff's third motion to appoint counsel (ECF No. 13). D. Kan. Rule 7.3(b) requires a party seeking reconsideration of a non-dispositive order to file a motion within 14 days after the order is filed unless the court extends the time. The order was entered on June 27, 2019. Plaintiff did not file this motion until September 3, 2019, well after the 14-day period had passed. For that reason alone, the court denies plaintiff's motion.

But because this issue has now arisen multiple times, the court will briefly address the substance of the motion for reconsideration. Plaintiff first filed a motion for appointment of counsel on May 1, 2019.[1] The court denied this motion, concluding that "(1) it is not clear at this juncture that plaintiff has asserted a colorable claim against a

---

[1] ECF No. 7.

named defendant; (2) the issues are not complex; and (3) plaintiff appears capable of adequately presenting facts and arguments."² The court denied the motion but clarified that plaintiff could refile "if plaintiff's complaint survives either a dispositive motion filed by defendants or the deadline for filing such a motion has passed with no such motion being filed."³ Plaintiff filed a second motion for appointment of counsel when he was unsure whether the court had received his first motion.⁴ The court again explained in its May 23, 2019 order that plaintiff could refile a motion only upon his complaint surviving a dispositive motion or the passing of that deadline.⁵ Plaintiff filed a third request for appointment of counsel on June 20, 2019,⁶ and the court explained yet again in its June 27, 2019 order that the request was premature.⁷ Plaintiff has now filed a fourth motion for appointment of counsel – more than three months before the December 23, 2019 deadline for dispositive motions has passed.⁸

Motions for reconsideration may be granted only if the moving party can establish:

---

² ECF No. 8.

³ *Id.*

⁴ ECF No. 10.

⁵ ECF No. 11.

⁶ ECF No. 12.

⁷ ECF No. 13.

⁸ ECF No. 9.

"(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[9] The decision whether to grant or deny a motion for reconsideration is committed to the court's discretion.[10] A motion for reconsideration should not be used to "rehash previously rejected arguments or to offer new legal theories or facts."[11] Such a motion "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[12] A motion for reconsideration is "not appropriate to revisit issues already addressed."[13]

Plaintiff apparently relies on the third prong of this standard by listing case law to support his argument that courts appoint counsel when the "interests of justice so require."[14] But of the 10 cases plaintiff cites, none of them are from the District of Kansas or the Tenth Circuit. Moreover, plaintiff offers very few facts to support his claim that appointment of counsel is necessary to prevent manifest injustice. Plaintiff attaches an

---

[9] D. Kan. Rule 7.3. *See also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[10] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235–36 (10th Cir. 2001).

[11] *Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005) (citing *Demster v. City of Lenexa, Kan.*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005)).

[12] *Fears v. Unified Gov't of Wyandotte Cty.*, No. CV 17-2668-KHV, 2018 WL 5435403, at *1 (D. Kan. Oct. 29, 2018) (citing *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996)).

[13] *Fears*, 2018 WL 5435403, at *1.

[14] *Id.*

application to proceed without prepayment of fees and financial affidavit, which includes his inmate history report at the Atchison County Jail.[15]  This application is used by pro se plaintiffs applying for *in forma pauperis* status pursuant to 28 U.S.C. § 1915, which does not apply here, as the filing fee was paid on March 25, 2019.  The only relevant facts plaintiff offers are the assertions that he lacks "the ability to investigate this case properly" and "lacks the ability to present the facts in this case properly."[16]  To the extent the court construes these as arguments for appointment of counsel, these are arguments that have already been presented to the court.  Therefore, reconsideration is not appropriate on those grounds.  Accordingly, plaintiff's motion (ECF No. 22) is denied.

    IT IS SO ORDERED.

    Dated September 4, 2019, at Kansas City, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge

---

[15] ECF No. 22-1.

[16] ECF No. 22.