UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| DALE W. BIRCH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-2156-JAR |
| | ) | |
| THE CITY OF ATCHISON, KANSAS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

The plaintiff, Dale W. Birch, has filed a motion (ECF No. 19) seeking to compel supplemental discovery responses from defendants in this 42 U.S.C. § 1983 civil rights action. Plaintiff alleges defendants violated his civil and constitutional rights during an arrest on January 8, 2019.[1] On June 4, 2019, plaintiff served discovery requesting, in part, police recordings and call logs from defendants.[2] Defendants served their responses on July 5, 2019.[3] Plaintiff filed the instant motion on August 20, 2019, arguing certain responses were incomplete and altered. Defendants oppose plaintiff's motion, arguing they have adequately produced responsive discovery.[4]

---

[1] ECF No. 1-1.

[2] ECF No. 14.

[3] *Id.*

[4] *See* ECF No. 23.

O:\ORDERS\19-2156-JAR-19.DOCX

As an initial matter, plaintiff's motion is untimely. Under D. Kan. Rule 37.1, any motion to compel must be filed within 30 days of the service of the discovery responses. Because defendants served responses on July 5, 2019, plaintiff should have filed any motion to compel by August 5, 2019. Plaintiff waived his objection to defendants' responses by failing to file his motion to compel until August 20, 2019.[5] For that reason alone, court denies plaintiff's motion.

But because plaintiff proceeds *pro se*, the court addresses the substantive merits of his motion. The court must construe plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[6] However, a *pro se* party "is not excused from complying with the rules of the court."[7] The Federal Rules of Civil Procedure provide the general limits on the scope of discovery. Although there's a presumption in favor of disclosure of information, discovery is limited to information that is "relevant to any party's claims or defense and proportional to the needs of the case."[8] The proportionality standard moved to the forefront of Fed. R. Civ. P. 26(b) when the rule

---

[5] The court notes plaintiff did file a motion objecting to the service of discovery on August 5, 2019, which sought an order directing defendants to re-mail discovery responses. *See* ECF No. 16. This motion was not, in substance, a motion to compel, and the court denied plaintiff's motion on August 7, 2019 (ECF No. 18).

[6] *Sullivan v. HCA Healthcare, Inc.*, No. 19-2034-JAR-TJJ, 2019 WL 4034473, at *3 (D. Kan. Aug. 27, 2019).

[7] *Id.* (quoting *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)).

[8] Fed. R. Civ. P. 26(b)(1).

was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense to the parties.[9]

The proportionality standard takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[10] One central purpose of its inclusion is to "encourage judges to be more aggressive in identifying and discouraging discovery overuse."[11]

Audio Recordings (Request No. 2)

Plaintiff moves to compel any and all video and audio communications, starting at 6:30 a.m., made by the Atchison Police Department on January 8, 2019.[12] Defendants originally responded to the request by stating they had no video or audio communications because they were involved in a foot pursuit of plaintiff and "none of the defendants' vehicle in-car recording systems were activated."[13] In his motion, plaintiff merely re-asserts his request for the audio communications, without offering any support for his

---

[9] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

[10] Fed. R. Civ. P. 26(b)(1); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1440923, at *1 (D. Kan. Mar. 15, 2018).

[11] Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.

[12] ECF No. 19 at 2.

[13] ECF No. 19-1 at 1.

argument or, notably, even contesting defendants' representation that no audio or video footage exists from this incident. The court denies plaintiff's request.

At this stage, there is no evidence that there is any additional relevant information defendants are withholding. Without such evidence, the court "cannot compel the production of documents have not been uncovered after a reasonable search."[14] If, at a later stage, it is revealed responsive documents exist but were intentionally not found or produced by defendants, plaintiff may pursue sanctions. Based on the record, that is not the case now. The court therefore denies plaintiff's request.

<u>Police Radio Communications and Call Logs (Request No. 3)</u>

Plaintiff alleges defendants' discovery responses leave out responsive call log records of calls between 6:30 a.m. and 6:57 a.m. Specifically, plaintiff argues those missing minutes are "critical to [the] case," because communications from that time period will show the presence of an officer who allegedly punched plaintiff.[15] Defendants, as the objecting parties, have the burden of showing how these discovery requests are objectionable.[16] Defendants originally objected to the scope of the request as overly broad, "as it potentially seeks radio communications and call logs that are not related to the claims and defenses in this litigation."[17]

---

[14] *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2014 WL 11516516, at *2 (D. Kan. Nov. 20, 2014).

[15] ECF No. 19 at 2.

[16] *N.U. v. Wal-Mart Stores, Inc.*, No. 15-4885-KHV, 2016 WL 3654759, at *1 (D. Kan. July 8, 2016).

[17] ECF No. 19-1.

Plaintiff then must demonstrate how these requests are not objectionable, which plaintiff has not done here.[18] The court finds plaintiff's requests for "any and all police radio communications and call logs" are not relevant or proportional to this case. Defendants reiterate in their response that "the document produced contains the entire dispatch history regarding the January 8, 2019 incident" alleged in the complaint.[19] Plaintiff has not cited any authority to show he is entitled to *every* call made on that log for the period in question, including calls that do not have anything to do with his case. The call history synopsis, attached by plaintiff as an exhibit, shows that the first 911 call involving this incident occurred at 6:57 a.m. As defendants point out, plaintiff offers no reason that there would be additional records before this time. Again, the court reiterates that, without evidence defendants are withholding certain evidence, it cannot compel additional production. Plaintiff's request is therefore denied.

Plaintiff further alleges the documents defendants produced "have been modified . . . which could be deemed indication of a cover-up."[20] Defendants explain in their response that the use of "modified" on the call logs reflects updated descriptions about those particular calls. Defendants address the modifications plaintiff cites: the first modification adds descriptive information about the prowler's activity, the second modification adds the

---

[18] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 2018 WL 6025579, at *2.

[19] ECF No. 23 at 1.

[20] ECF No. 1 at 2.

5

name of the reporting party, and the third modification adds the description that someone was knocking on the back door.[21]

The court finds defendants have adequately explained the nature of the modifications to the call log. Plaintiff has not offered any evidence the modifications are hiding anything more nefarious or defendants are withholding un-modified versions of the call logs. The court therefore finds defendants' production sufficient.

Legal Mail

Plaintiff also moves for an order directing defendants to provide copies of discovery responses to plaintiff's jail address, as well as his home address, via certified mail, so that he knows there has not been any tampering with his mail.[22] Plaintiff argues previous mail has been opened and re-taped outside of his presence, evidence that papers and evidence has been switched.[23]

As discussed above, the court previously addressed a similar issue in its August 7, 2019 order, which denied plaintiff's request for an order directing defendants to re-mail certain discovery responses to plaintiff.[24] There, plaintiff made an unsupported assertion that jail officials were intercepting and interfering with his mail.[25] The court declined to order defendants to undertake the additional burden of re-mailing discovery responses, as

---

[21] ECF No. 23 at 1-2.

[22] ECF No. 19 at 3.

[23] *Id.*

[24] *See* ECF No. 18.

[25] *Id.*

defendants had already complied with their obligations under the rules. Again, the court finds that defendants have met their burden of serving discovery responses to the address on record for plaintiff. The specific policies used by the Atchison County Jail to handle the processing and opening of mail is not presently before the court, and the court declines to take that matter up in this order.

IT IS THEREFORE ORDERED that plaintiff's motion is denied.

IT IS SO ORDERED.

Dated September 20, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge