IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALE W. BIRCH,

      Plaintiff,

      v.                                                                 Case No. 2:19-CV-2156-JAR

CITY OF ATCHISON, KANSAS, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff Dale W. Birch, who proceeds *pro se*, has filed several post-judgment motions in this case following the Court's grant of summary judgment in favor of Defendants, the Atchison Police Department, the City of Atchison, Chief of Police of the Atchison Police Department Michael Wilson, and five other Atchison police officers.  This matter is now before the Court on Plaintiff's (1) Motion for Extension of Time to File an Appeal (Doc. 51); (2) Motion Objecting to Summary Judgement in this Case (Doc. 52); (3) Motion for Certificate of Appealability (Doc. 55); (4) Motion for Trial (Doc. 56); and (5) Motion for Leave to Appeal In Forma Pauperis (Doc. 57, sealed).  For the reasons set forth below, the Court denies each of Plaintiff's motions, though Plaintiff's motion for leave to appeal in forma pauperis is denied without prejudice.

## I.      Procedural History

In its June 5, 2020 Order granting summary judgment, the Court construed Plaintiff's allegations—all relating to January 8, 2019 events that led to Plaintiff's arrest and resulting conviction—as claims arising under 42 U.S.C. § 1983 and state tort law.[1]  The Court found that

---

[1] Doc. 46.

summary judgment was appropriate on Plaintiff's claims against the Atchison Police Department because the Department is not an agency amenable to suit.  The Court further found that Plaintiff failed to show that any officer caused a deprivation of his constitutional rights, and that the lack of an underlying constitutional violation precluded Plaintiff's claims not only against the officers in their official and individual capacities, but also any claims against the City of Atchison under *Monell v. Department of Social Services of the City of New York*.[2]  To the extent that Plaintiff alleged state-law tort claims, the Court declined to exercise supplemental jurisdiction over those claims and dismissed them without prejudice.

On June 22, 2020, Plaintiff appealed the Court's order granting summary judgment to the Tenth Circuit Court of Appeals, and that appeal was docketed on June 23, 2020.[3]  The following day, Plaintiff filed a motion for an extension of time to file an appeal and a motion "objecting to Summary Judgment in this case," which the Court construes as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), as set forth below.  On June 29, 2020, the Tenth Circuit issued an order abating Plaintiff's appeal pending this Court's ruling on his motion to alter or amend, stating that Plaintiff's "notice of appeal will become effective when the district court enters an order deciding the pending motion."[4]  On July 2, 2020, Plaintiff filed a motion for certificate of appealability, followed by a "motion demanding jury trial" on July 15, 2020.  Finally, on July 17, 2020, Plaintiff filed a sealed "Motion for Permission to Appeal In Forma Pauperis."  The Court first addresses Plaintiff's motion to alter or amend, then turns to his remaining post-judgment motions.

---

[2] 436 U.S. 658 (1978).

[3] Docs. 48, 50.

[4] Doc. 53.

## II.     Motion to Alter or Amend Judgment

### A.     Legal Standard

D. Kan. Rule 7.3 states that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[5]  Because Plaintiff filed his motion within twenty-eight days of this Court's Order, it is treated as a motion to alter or amend under Rule 59(e).[6]  Under Fed. R. Civ. P. 59(e), the Court may alter or amend judgment on the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[7]  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[8]  Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[9]  A party's failure to present its strongest case in the first instance does not entitle

---

[5] D. Kan. R. 7.3(a).

[6] Fed. R Civ. P. 55(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."); *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995) (applying earlier version of Rule 59(e)); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (noting that Rules 59(e) and 60(b) are distinct, and that "[i]f a motion is served within [twenty-eight] days of the rendition of judgment, the motion ordinarily falls under Rule 59(e).  If the motion is served after that time it falls under Rule 60(b).") (citations omitted)).

[7] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir 2000) (citing *Brumark Corp. v. Samson Res. Corp.* 57 F.3d 941, 948 (10th Cir. 1995)).

[8] *Id.* (citing Fed. R. App. P. 40(a)(2)).

[9] *Steel v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993); *see also* 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2810.1 (3d. ed. 2020) (footnotes omitted) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

it to a second chance in the form of a motion to alter or amend.[10]  Whether to grant a motion to alter or amend is left to the Court's discretion.[11]

### B.    Discussion

Plaintiff does not assert a change in controlling law, availability of evidence that was not available to him during summary judgment briefing, that the Court committed clear error, or that manifest injustice occurred such that relief is warranted under Rule 59(e).  Instead, Plaintiff appears to ask the Court to reconsider its grant of summary judgment because he intended to controvert Defendants' statements of fact but failed to do so given his lack of legal procedural knowledge as a *pro se* litigant.

Although a *pro se* litigant's pleadings are to be liberally construed, the Court "will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[12] and the *pro se* Plaintiff is not excused from compliance with procedural rules.[13]  As required by D. Kan. Rule 56.1(f), Defendants filed and served Plaintiff with a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment, which explained to Plaintiff that he must respond to Defendants' summary judgment motion by filing sworn affidavits and/or other documents as required by Fed. R. Civ. P. 56(c) and D. Kan. Rule 56.1, and that he could not

---

[10] *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)); *Kestrel Holdings I, L.L.C. v. Learjet Inc.*, No. 02-2388-CM, 2006 WL 2575719, at *2 (D. Kan. Mar. 20, 2006).

[11] *Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)); *Kestrel Holdings I, L.L.C.*, No. 02-2388-CM, 2006 WL 2575719, at *2 (D. Kan. Mar. 30, 2006).

[12] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant").

[13] *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

oppose summary judgment merely by relying on the allegations in his Complaint.[14]  Rather than countering the facts asserted by Defendants with evidence, Plaintiff merely stated that he did "not want to agree to any of it at all."[15]  Because Plaintiff did not specifically controvert any of Defendants' factual assertions as required by D. Kan. Rule 56.1(b)(1) or offer his own statement of additional facts as permitted by D. Kan. Rule 56.1(b)(2), the Court accepted Defendants' factual assertions as uncontroverted to the extent that they were supported by the record.

The Court rejects Plaintiff's argument that his status as a *pro se* plaintiff prevented or excused him from properly contesting Defendants' summary judgment motion, as this is not valid grounds for the Court to reconsider its decision.  Nor can the Court consider factual assertions Plaintiff makes now, without proper citation to the record and after summary judgment has already been granted for Defendants.

Further, while Plaintiff contends that his *pro se* status prevented him from properly seeking leave of court to file a sur-reply to Defendants' reply in support of summary judgment, the sur-reply he filed without leave—and which the Court did not consider—consisted of arguments intended to call his conviction into question.[16]  As explained in the Court's prior Order, Plaintiff's conviction estops him from making certain factual claims in this civil suit that would imply the invalidity of his conviction and sentence.[17]  To recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff seeking damages under § 1983 must prove that the conviction or sentence was previously

---

[14] Doc. 37.

[15] Doc. 42 at 2.

[16] Doc 44.

[17] Doc. 46 at 12.

**B.      Motion for Leave to Appeal In Forma Pauperis**

**1.      Legal Standard**

Under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a civil action or an appeal therein "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or gives security therefore."[23] When a party seeks to appeal *in forma pauperis*, Rule 24 of the Federal Rules of Appellate Procedure directs that the party file a motion for leave in the district court.[24]  That party must attach to the motion an affidavit that, inter alia, "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs."[25]  In turn, Form 4 of the Appendix of Forms requires a party to provide information regarding both the party and their spouse: (1) income and the sources thereof; (2) employment history; (3) the amount of cash available; (4) assets including homes and motor vehicles; (5) all money owed by others; (6) individuals supported financially; (7) average monthly expenses; and (8) attorney's fees paid in connection with the case.[26]  Additionally, Rule 24 requires the party seeking to appeal *in forma pauperis* to state the issues he intends to present on appeal.[27]

Under § 1915(a)(2), a prisoner seeking leave to appeal *in forma pauperis* from a civil judgment must file a new motion in the district court attaching both the affidavit discussed above *and* a certified copy of the prisoner's trust fund account statement for the six-month period

---

[23] 28 U.S.C. § 1915(a)(1).

[24] Fed. R. App. P. 24(a)(1).

[25] Fed. R. App. P. 24(a)(1)(A).

[26] Fed. R. App. P. Form 4.

[27] Fed. R. App. P. 24(a)(1)(C).

immediately prior to the filing of the notice of appeal.[28]  "[This] must be done regardless of the

prisoner's [*in forma pauperis*] status in the district court."[29]  Further, notwithstanding § 1915(a),

> if a prisoner . . . files an appeal in forma pauperis, the prisoner
> shall be required to pay the full amount of a filing fee.  The Court
> shall assess, and when funds exist, collect, as a partial payment of
> any court fees required by law, an initial partial filing fee of 20
> percent the greater of—
>
> (A)  the average monthly deposits to the prisoner's account; or
>
> (B)  the average monthly balance in the prisoner's account for
> the 6-month period immediately preceding the filing of
> the  . . . notice of appeal.[30]

After payment of the initial partial filing fee, the prisoner must make monthly payments of

twenty percent of the preceding month's income credited to his account.[31]  "The agency having

custody of the prisoner shall forward payments from the prisoner's account to the clerk of the

court each time the amount in the account exceeds $10 until the filing fees are paid."[32]

"In no event shall a prisoner be prohibited from . . . appealing a civil . . . judgment for the

reason that the prisoner has no assets and no means by which the pay the initial partial filing

fee."[33]  However, "[p]roceeding *in forma pauperis* in a civil case 'is a privilege, not a right—

fundamental or otherwise.'"[34]  "The decision to grant or deny *in forma pauperis* status under

---

[28] 28 U.S.C. § 1915(a)(2); *Boling-Bey v. U.S. Parole Com'n*, 559 F.3d 1149, 1153 (10th Cir. 2009).

[29] *Boling-Bey*, 559 F.3d at 1153 (citing 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a)(1)).

[30] 28 U.S.C. § 1915(b)(1).

[31] 28 U.S.C. § 1915(b)(2).

[32] *Id.*

[33] 28 U.S.C. § 1915(b)(4).

[34] *Barnett ex rel. Barnett v. N.W. Sch.*, No. Civ. A 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

section 1915 lies within the sound discretion of the trial court."[35]  "This is especially true in civil

cases for damages wherein the courts should grant the privilege 'sparingly.'"[36]

### 2. Discussion

Plaintiff attached an affidavit to his motion for leave to appeal *in forma pauperis*

indicating that his monthly income is $124.00 from gifts, his monthly expenses are $0.00, he is

not employed, has no cash, no assets, and no money in bank accounts or other financial

institutions.  Plaintiff failed, however, to state the issues he intends to present on appeal in his

affidavit.  Although Plaintiff used "Form 4: Affidavit Accompanying Motion for Permission to

Appeal In Forma Pauperis," he left this section blank.[37]  Plaintiff also failed to attach a certified

copy of his prisoner's trust account statement.  Accordingly, Plaintiff's motion to appeal *in*

*forma pauperis* must be denied without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion Objecting

to Summary Judgement in this Case (Doc. 52) is **denied**.  Plaintiff's Motion for Extension of

Time to File an Appeal (Doc. 51), Motion for Certificate of Appealability (Doc. 55), and Motion

for Trial (Doc. 56) are **denied as moot**.  Plaintiff's Motion for Leave to Appeal In Forma

Pauperis (Doc. 57, sealed) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: August 17, 2020

---

[35] *Id.* (first citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999); then citing *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); and then citing *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *1 (D. Kan. Apr. 9. 1997)).

[36] *Zhu v. Countrywide Realty Co.*, 148 F.Supp.2d 1154, 1156 (D. Kan. 2001) (citing *Buggs*, 1997 WL 321289, at *8).

[37] Doc. 57-1 (sealed).

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE